UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

GREGORY J. DAVIS,)
)
Plaintiff,)
vs.) No. 1:11-cv-1042-JMS-DKL
)
MARION SUPERIOR COURT, et al.,)
)
Defendants.)

**Entry and Order Directing Dismissal of Action**

This lawsuit is a sequel to *Gregory J. Davis v. Judge John W. Hammel, et al.,* No. 1:11-cv-477-SEB-TAB (S.D.Ind. July 8, 2011)(dismissing action with prejudice pursuant to 28 U.S.C. § 1915A(b))(*Davis*). The complaint is subject to the screening required by 28 U.S.C. ' 1915A, and for the reasons explained in this Entry the sequel must be dismissed for failure to state a claim upon which relief can be granted.

The claims in this case are the same as those in *Davis.* After a litigant brings a federal action that proceeds to a final judgment, the litigant cannot bring another case about the same events against the same people, even if there were errors in the original suit. *Taylor v. Sturgell,* 128 S. Ct. 2161, 2171 (2008); *United States ex rel. Lusby v. Rolls Royce Corp.,* 570 F.3d 849, 851 (7th Cir. 2009); *In re Ingersoll, Inc.*, 562 F.3d 856, 861 (7th Cir. 2009). The present action is dismissed as barred by *res judicata* insofar as the same defendants are named here, meaning the claims against defendants Judge John W. Hammel, Judge Stanley E. Kroc, Nancy Goldberg, and Shaun Louden.

The claims against the defendants named in this case who were not named as defendants in *Davis* fail to state a claim upon which relief can be granted for the same reasons. As explained in *Davis,* he "alleges . . . that he has been the victim of a flawed prosecution which ended in his conviction. . . . He characterizes the flaws in the prosecution as 'fraudulent modification,' 'double jeopardy,' 'excessive sentencing,' and 'erroneous plea' . . . . On February 15, 2007, he signed a plea agreement. On March 5, 2007, Prosecutor Goldberg 'went to court' *ex parte* to modify Davis= placement and as a result the court added 730 days to his sentence. He states that he has completed his (lawful) sentence and seeks money damages." The claims against the newly added defendants are legally insufficient for these reasons: 1) the Marion Superior Court is not a "person" subject to suit under 42 U.S.C. § 1983; 2) defendant prosecutor Patrick McCool is entitled to prosecutorial immunity. *Imbler v. Pachtman,* 424 U.S. 409, 428 (1976); and

3) defendant Jackie Butler did not act "under color of state law" in representing Davis in the criminal case.

For the reasons explained above, Davis' complaint fails to state a claim upon which relief can be granted and the dismissal of the action pursuant to 28 U.S.C. § 1915A(b) is therefore mandatory. *Gladney v. Pendleton Corr. Facility,* 302 F.3d 773, 775 (7th Cir. 2002).

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 10/06/2011

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana